IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY E. HATCHETT | * | |
|    Plaintiff | * | |
|       v | * | Civil Action No. DKC-13-0147 |
| OFFICER DARBY | * | |
|    Defendant | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff's supplemental Complaint was filed January 29, 2013, together with a Motion to Proceed in Forma Pauperis. ECF Nos. 3 and 4. In the Order requiring Plaintiff to supplement his claims, this court directed Plaintiff to provide additional information concerning his religious, legal, and personal property claims. ECF No. 2. Because he appears to be indigent, Plaintiff's Motion to Proceed in Forma Pauperis shall be granted.

The supplemental Complaint concerns only Plaintiff's claim that prison staff have refused to provide an additional desk and chair in the cell where Plaintiff is confined with another inmate. Plaintiff asserts that his cell mate uses the desk for his belongings and refuses to allow him to use it for writing, forcing Plaintiff to use the floor near the toilet to write legal pleadings. He states he has attempted to resolve the matter through the administrative remedy procedure and currently has a petition for judicial review of an administrative agency decision pending in the Circuit Court for Allegany County. Plaintiff asserts that the practice of writing while on the floor is harmful to his health and that it causes him back pain. As relief, Plaintiff seeks an injunction requiring either placement of an additional desk in his cell or assignment to a single cell. ECF No. 3 at pp. 3 – 8.

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). However, conditions which are merely restrictive or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called "punishment," and absent severity, such punishment cannot be called "cruel and unusual." *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) *citing Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir.1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir.2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of a serious or significant physical or emotional injury resulting from the challenged conditions. *See Odom v. South Carolina Dept. of Corrections*, 349 F. 3d 765, 770 (4th Cir. 2003).

Plaintiff's assertion that sitting on the floor to write is beginning to hurt his back is not a significant physical injury resulting from the challenged conditions. Additionally, the failure to

provide a desk for each inmate who occupies a cell is not a deprivation of a life necessity. Rather, the challenged condition is simply one of inconvenience that falls within the purview of expected conditions in a prison.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that – (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant Complaint fails to state a claim upon which relief may be granted and must be dismissed. Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate Order follows.

Date:   February 7, 2013                            /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge